**In re TOLCO PROPERTIES, INC., Debtor.**

**Bankruptcy No. 80–00805.**

United States Bankruptcy Court, E. D. Virginia, Richmond Division.

Oct. 16, 1980.

See also, Bkrtcy., 6 B.R. 482.

Robert E. Eicher, Richmond, Va., for North Carolina Mut. Life Ins. Co.

William D. Bayliss and Paul S. Bliley, Jr., Richmond, Va., for Tolco Properties, Inc.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the timely filing by the Debtor, Tolco Properties, Inc.,

of a Motion for Stay of Order Pending Appeal alleging that if the Order of this Court entered September 3, 1980 is not stayed pending appeal it will suffer irreparable injury. On October 8, 1980, a hearing on Debtor's Motion for Stay Pending Appeal was conducted and oral argument was heard. Upon the foregoing, the Court renders the following opinion.

Tolco Properties, Inc. seeks a stay of the Order entered by this Court converting to Chapter 7 of the Bankruptcy Code the Chapter 11 proceeding instituted by the Debtor on June 6, 1980. Stays pending appeal are governed by Bankruptcy Rule 805 which provides in pertinent part that:

"A motion for a stay of the judgment or order of a [bankruptcy court], for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be made in the first instance to the [bankruptcy court]. Notwithstanding Rule 762 but subject to the power of the district court reserved hereinafter, the [bankruptcy court] may suspend or order the continuation of proceedings or make any other appropriate order during the pendency of an appeal upon such terms as will protect the rights of all parties in interest."

Bankruptcy Rule 805 vests "the widest possible latitude and discretion in granting or denying stays on appeal to the district judge." 13 *Collier on Bankruptcy* ¶ 805.05 (14th ed.). *See, In the Matter of American Training Services, Inc.,* 434 F.Supp. 988, 990 n. 3 (D.C.N.J.1977).

■ A stay pending appeal is in the nature of a preliminary injunction. *In re Ronald J. Parr et als.,* 1 B.R. 453, 5 B.C.D. 1143 (Bkrtcy., E.D.N.Y.1979). *In re Chanticleer Associates, Ltd.,* 4 B.C.D. 509 (S.D.N.Y.1978). Accordingly, in determining whether this Court should issue a stay pending appeal, the Court will consider those factors used in determining whether a preliminary injunction should issue. Those factors are: (1) likelihood that a party seeking the stay will prevail on the merits of the appeal; (2) irreparable injury to the moving party unless the stay is granted; (3)

no substantial harm to the other interested person; and (4) no harm to the public interest. *In re Parr, supra. See, Wright & Miller, Federal Practice & Procedure Civil* § 2904.

■ At the hearing, counsel for the Debtor made no argument that it is likely to prevail on the merits of its appeal. Instead, Debtor argued that it has been in negotiations since the August 8, 1980 hearing on North Carolina Mutual's (NCM) Motion to Dismiss, and that it now has a buyer for the property in question. It, therefore, seeks a stay of the Order entered September 3, 1980, so that it may consummate the sale and effect a reorganization. The thrust of Debtor's argument is merely a continuation of the matters argued on August 8, 1980 which this Court found unpersuasive. This relitigation of the previous matter, and the offering of new evidence on rehabilitation is, without more, insufficient to justify a stay of this Court's Order.

■ The Debtor's purpose in requesting a stay pending appeal, as argued by counsel for the Debtor, is to consummate a sale of the property so as to have a firm plan of reorganization established if it succeeds on appeal. However, the Court is of the opinion that the purpose of a stay pending appeal is to maintain the status quo and to prevent harm to the moving party between the time the original order was entered and the decision on appeal. *In re Lewis Jones, Inc. et al.,* 369 F.Supp. 111, 116 (E.D.Pa. 1973). It is not, however, as much as counsel for the Debtor would like it to be, a reversal of the Order entered converting the Chapter 11 proceeding to a Chapter 7 proceeding. A stay is not for the purpose of giving the Debtor another chance to establish the proper framework for a reorganization; a stay is to prevent the enforcement of the Order of the Court, and thus maintain the status quo. The affirmative action the Debtor seeks goes beyond the scope of the requested stay. Accordingly, to argue that a reorganization is *now feasible* because of a new contract with a corporate buyer "to be formed" (Sales Agree-

ment, Plaintiff's Exhibit 1) wherein Seller warrants that "[t]here are no tenant claims" which is presently incorrect and which contract further gives the Purchaser numerous escape contingencies (*See*, clauses 12(b), 12(d), 12(e) of Sales Agreement, Plaintiff's Exhibit 1) in consummating the contract, is unpersuasive. In sum, the Court feels that the evidence as to the continued negotiations for the sale of the property is not, without more, sufficient grounds to grant the stay pending appeal.

■ Counsel for the Debtor also argued that it would be irreparably harmed unless the stay is granted. It contends that the appointment of a Chapter 7 trustee, who would commence the administrative and liquidation aspects of his duties, would likely render the appeal moot inasmuch as the trustee might have liquidated the sole asset of Tolco Properties, the Property, which it contends is necessary for a reorganization. While this Court readily concedes that a liquidation is permissible under a plan of reorganization, it does not feel that the appointment of a Chapter 7 trustee and his assumption of duties would irreparably harm the Debtor. This Court does not find that the liquidation of the assets of Tolco Properties, Inc. by a Chapter 7 trustee would be significantly different than the sale of the assets by the Debtor performing its duties under Chapter 11. This Court has not been persuaded that there will be irreparable injury to the Debtor if the stay is not granted, nor that there is a likelihood of success on the merits on appeal which would lend credence to this Court granting a stay pending appeal.

The granting of the stay pending appeal would further thwart the efforts of North Carolina Mutual (NCM) to call in its loan per its agreement with the Debtor. As indicated in this Court's opinion of September 3, 1980, (*In re Tolco Properties, Inc.*, 6 B.R. 482) NCM has been continually delayed and enjoined in its effort to call in its loan due to the actions of the Debtor. The continual deterioration of the Property reduces NCM's equity cushion, and a further stay of this proceeding and NCM's collection attempts prejudices NCM's rights it has under its contract with the Debtor.

A condition of the existing NCM loan is the lender's right to approve the transfer of ownership of the trust property. The purported sale of the Property contains a condition that the NCM loan on the Property will be maintained. Its' obvious value is in a low interest rate negotiated several years ago. In a sale of the Property, NCM would obviously negotiate for a higher rate of interest as a condition of their accepting the new purchaser as being qualified. That is as much a reason as any other for a loan assumption approval. It is a contractual right that cannot be ignored. This right exists in a Chapter 11 as well as a Chapter 7. Were the Debtor to retain the Property, this facet of the loan agreement would be no problem in a Chapter 11. However, it is the Debtor's professed intent to sell the Property. The problem is of equal magnitude whether it be liquidation or reorganization.

Finally, granting the relief required by the Debtor in the Motion to Stay would have the effect of negating this Court's prior Order. It would allow the Debtor to proceed to negotiate for the sale of its assets and formulate and file a plan of reorganization which this Court would be asked to confirm, and by these actions, the Court would effectively render moot its prior determination. This is more than the Court is privileged to do. As previously stated, "it is not appropriate that [the Debtor] be given choices *ad infinitum* to the continual delay and detriment of others .... This Court cannot conclude that NCM should be required to wait for further attempts to rehabilitate the Debtor." *In re Tolco Properties, Inc.*, 6 B.R., 482 (E.D. Va.1980).