In re TENFIELD, INC., t/a Shakey's Pizza Parlor, Debtor.

Edgar H. TENENT, Plaintiff,

v.

TENFIELD, INC., t/a Shakey's Pizza Parlor, Defendant.

Susie E. DUNSTAN, Plaintiff,

v.

TENFIELD, INC., t/a Shakey's Pizza Parlor, Defendant.

Bankruptcy No. 81–00058–R.
Adv. Nos. 81–0059–R, 81–0067–R.

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

June 3, 1981.

Stephen M. Kapral, Richmond, Va., for defendant/debtor.

Roy M. Terry, Jr., Wells, Axselle, Hundley & Johnson, Richmond, Va., for plaintiff Tenent.

Thomas F. Eubank, Spinella, Owings, Jackson & Steverson, Richmond, Va., for plaintiff Dunstan.

MEMORANDUM OPINION AND ORDER

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing of a Motion by Tenfield, Inc. t/a Shakey's Pizza Parlor (Tenfield, Inc.), by counsel, for stay of the order entered May 20, 1981 pending appeal to the United States District Court. By this Court's order entered May 20, 1981, 12 B.R. 12, the Court found that Tenfield, Inc., as Debtor-in-Possession and lessee of 6006 West Broad Street, Richmond, Virginia, had no interest in the demised premises by virtue of a judgment entered against Tenfield, Inc. for rent and possession on November 24, 1980. The Court further found that no executory contract existed which could be assumed under the provisions of 11 U.S.C. § 365. The Court, therefore, modified the automatic stay to the extent necessary for ejectment of Tenfield, Inc. from the premises, granted possession of the premises and required Tenfield, Inc. to vacate the premises within ten days of the date of that order.

Tenfield, Inc. contends that unless a motion for stay of the judgment is granted, it would be unable to advance its appeal to the United States District Court inasmuch as the ejectment of Tenfield, Inc. from the premises prior to the determination of the merits on appeal would render the appeal moot. Upon an expedited hearing having been held and briefs having been requested and received, the Court determines that it would be in the interest of justice to conditionally grant a stay pending appeal. The Court further finds that by requiring Tenfield, Inc. to timely remit its contract rental payments to the Plaintiffs and further requiring the posting of an adequate bond, the rights of the Plaintiffs would not be irreparably harmed by the stay. Contrarily, the Court does find that denying the stay pending appeal would render the appeal to the District Court moot. This Court recognizes the divergence of authority in this area and, while finding contrary authority unpersuasive, conditionally grants the stay pending appeal.

Accordingly, it is

ORDERED that the Motion for Stay of the order entered May 20, 1981 in this matter is CONDITIONALLY STAYED pending appeal upon the immediate posting of a supersedeas bond in the amount of TWELVE THOUSAND FIVE HUNDRED and 00/100 DOLLARS ($12,500.00) with an acceptable corporate surety, immediate payment of all rents accruing since the filing of this Chapter 11 proceeding on January 19, 1981 and the continued timely payment of the contract rental payments as they mature to the Plaintiffs. In the event of failure to give such bond with security, the Appellees may enforce such judgment pursuant to Local Interim Rule 12(B). A failure to make said accrued rental payments and the timely payment of all future contract rents shall also constitute an immediate revocation of the stay pending appeal and the Appellees may enforce such judgment pursuant to said Rule 12(B).

It is further

ORDERED that the terms of this Order staying judgment be complied with no later than 5:00 p. m. Thursday, June 4, 1981.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record in this matter.