In re PAGODA INTERNATIONAL,
INC., Debtor.

PHOENIX ASSOCIATES, INC., Plaintiff,

v.

PAGODA INTERNATIONAL,
INC., Defendant.

Bankruptcy No. 82-1-1287.
Adv. No. 82-0734A.

United States Bankruptcy Court,
D. Maryland.

Nov. 24, 1982.

On Motion For Stay Pending Appeal
Dec. 14, 1982.

Jeffrey Axelson, Rockville, Md., for debtor/defendant.

Ronald Kane, Bethesda, Md., for plaintiff.

### MEMORANDUM OF OPINION

PAUL MANNES, Bankruptcy Judge.

This is an action filed by the owner of an apartment house, Phoenix Associates, Inc. (Phoenix) against the operator of a restaurant located in the building, Pagoda International, Inc. (Pagoda). Phoenix seeks to retake the premises on account of various violations of the lease and to lift the automatic stay of 11 U.S.C. § 362 so as to permit it to proceed in state court. For the reasons stated hereinafter, the court will pass an order terminating the automatic stay of 11 U.S.C. § 362 so as to permit plaintiff to proceed to pursue its state court remedies.

This controversy began with the filing of an action in the District Court of Maryland for Montgomery County by Phoenix on Au-

gust 7, 1981, wherein it sought possession of the subject property. Following some preliminary matters, the case was tried on November 9, 10, and 19, 1981, and January 20, 1982. On February 18, 1982, Judge Irma S. Raker, then a judge of the District Court, ruled in favor of Phoenix, announcing her opinion in open court and entering judgment for possession. A transcript of that opinion has been filed in these proceedings. The basis of the judgment was a breach of the terms of the lease with respect to health regulations. She cited the testimony of a representative from the Montgomery County Health Department, stating that this was one of the dirtiest restaurants that the representative had ever seen in Montgomery County, and that each time the representative went back, there was no change in the conditions of the restaurant. There were piles of dirty linen that harbored roaches that were rampant throughout the restaurant. Judge Raker also found that there was a breach with respect to the rental provisions of the lease. She noted that Pagoda acted in bad faith in failing to keep adequate records and in failing to comply with reasonable requests to verify the gross receipts of the restaurant. She found that the breach of the lease in both respects was substantial and justified eviction. Thereafter, judgment was entered. Judge Raker set an appeal bond of $10,000.00. An order for appeal to the Circuit Court for Montgomery County was filed on February 24, 1982. The matter was docketed in the Circuit Court on March 9, 1982, and substantial memoranda were filed by both parties. On June 2, 1982, Judge William M. Cave filed his opinion and order affirming the judgment of the District Court with costs assessed against the defendant, Pagoda. Thereafter, Pagoda filed a petition for a Writ of Certiorari to the Court of Appeals of Maryland. On September 2, 1982, that court passed an order denying certiorari, there being no showing that review by certiorari was desirable and in the public interest. Pagoda had exhausted its rights of appeal under Maryland law and the case was returned to the trial court. When Phoenix sought to en-

force its warrant of restitution, Pagoda filed its petition for relief under Chapter 11 on September 8, 1982. The effect of the filing was to stay the action in the District Court.

Phoenix desires the lifting of the stay so as to permit it to go forward. Pagoda opposes the lifting of the stay, stating that the lease is necessary for an effective reorganization, that the debtor-in-possession has an equitable interest in the leasehold, and there is no cause for the lifting of the automatic stay.

The operative facts are not in dispute. The question to be determined by this court is whether the debtor has managed by filing the Chapter 11 proceeding to create a right to a fresh start free and clear of any previous state court rulings. Put another way, has the debtor eradicated the action of the state courts of Maryland merely by filing a voluntary petition under Chapter 11?

■ The debtor-in-possession and the plaintiff-landlord have filed extensive memoranda fully and fairly setting out their respective positions. Some consideration of basic bankruptcy law is in order. Under 11 U.S.C. § 362(d), the court shall grant relief from the stay either for cause, including the lack of adequate protection of an interest in property, or with respect to a stay of an act against property if the debtor does not have an equity in such property and such property is not necessary to an effective reorganization. The subject property, that is, whatever the right of the debtor is to maintain its restaurant, is obviously necessary to an effective reorganization. Without the premises, the debtor has nothing. Thus, the landlord must look to relief under § 362(d)(1), that is, for cause. Very simply, the cause in this case is that Pagoda no longer has any interest in the lease. The lease has been terminated by the action in the state court. The fact that the state processes have not been completed as to Pagoda does not mean that any interest is left other than the common law tenancy at sufferance. In fact, it is not a tenancy, but permissive occupation. It is inalienable by Pagoda.

Thus, as pointed out by Pagoda in its brief, it does have a scintilla of equitable interest in the premises. *In Re Andorra Meat Market, Inc.,* 7 B.R. 744, 746 (Bkrtcy. E.D.Pa.1980). It is this scintilla of interest that triggered the protection of § 362(a). Having the protection in place, it then became incumbent upon the landlord, as it did here, to proceed with this action. *In Re Lewis,* 15 B.R. 643 (Bkrtcy.E.D.Pa.1981). The situation is not unlike that discussed by Judge Kahn in *Matter of Mimi's of Atlanta, Inc.,* 5 B.R. 623, 627 (Bkrtcy.N.D.Ga.1980). There, the court noted that even though the leases had been terminated, the debtors had a tenancy by sufferance. When the landlord in that case sought to gain possession by dispossessory action, it was that latter action that was stayed by the Chapter 11 filing.

Pagoda argues that the subject lease has not been terminated under Maryland law. It is difficult to understand what more the landlord could do. An action was filed in the District Court. The landlord obtained a judgment for possession. That action was stayed by the filing of an appeal bond. The action of the trial court was affirmed. Finally, the highest court of the state declined to review the case. The only remaining item was the ministerial action to execute the warrant of restitution. The cases cited by Pagoda in section D of its memorandum have no application.[1] Pagoda does not deal with the case of *Rose and Crown, Ltd. v. Shaw Enterprises, Inc.,* 28 Md.App. 548, 346 A.2d 459 (1975), relied on by Judge Cave. There, the Maryland Court of Special Ap-

---

1. Phoenix relies upon *In Re GSVC Restaurant Corp.,* 1 CBC 2d 991 (S.D.N.Y.1980). That case stands firmly for the proposition that under New York law the issuance of the warrant of eviction annulled the relationship of landlord and tenant. The last minute filing of a Chapter 11 case could not be permitted to frustrate an eviction. The court is convinced that the filing of Chapter 11 proceeding was another delaying tactic on the part of Pagoda. The lease had been forfeited, and Pagoda should vacate the demised premises. *See Evergreen Amusement Corporation v. Pacheo,* 218 Md. 230, 145 A.2d 774 (1958).

peals affirmed an order denying equitable relief against the forfeiture doctrine. Pagoda's battle to avoid forfeiture has been fought and lost.

■ Furthermore, the lease between Pagoda and the landlord could not have been assumed by the tenant pursuant to 11 U.S.C. § 365(e)(1). The lease was terminated. The bankruptcy court cannot act to resurrect a lease terminated prior to the filing of the petition.[2] *Matter of Triangle Laboratories,* 663 F.2d 463, 467–468 (3d Cir. 1981); *In Re Darwin,* 22 B.R. 259, 6 CBC 2d 1245, 1250 (Bkrtcy.E.D.N.Y.1982); *In the Matter of Racing Wheels, Inc.,* 5 B.R. 309, 6 BCD 719 (Bkrtcy.M.D.Fla.1980); *In Re Acorn Investments,* 8 B.R. 506, 7 BCD 135 (Bkrtcy.S.D.Cal.1981).

■ What Pagoda would have this court do is to assume the function of a super supreme court for the State of Maryland and overrule the action of the District Court, the Circuit Court, and the Court of Appeals of Maryland. This is not the function of the bankruptcy court. Chapter 11 is not a device to permit a further appeal of valid court proceedings. Pagoda has run its entire string. It has used the processes of four courts to delay the inevitable resolution of this matter, a resolution caused by its own actions as described by Judges Raker and Cave. This opinion is protracted for the very reason that the debtor will undoubtedly seek another review with the concomitant delay.[3] To save all parties the effort of filing further papers in this proceeding, this court will not grant a stay pending appeal.

An order will be entered in accordance with this opinion.

## ON MOTION FOR STAY PENDING APPEAL

This matter came on for consideration upon the Motion for Stay of Order Pending Appeal filed by the debtor, Pagoda International, Inc.

■ Debtor filed a Notice of Appeal from an order entered on November 24, 1982, granting Phoenix Associates, Inc., relief from the automatic stay of proceedings under 11 U.S.C. § 362. This court filed an extensive Memorandum of Opinion noting that the bankruptcy court cannot resurrect a lease terminated prior to the filing of a petition. *See In Re Darwin,* 22 B.R. 259 (Bkrtcy.E.D.N.Y.1982), for a thorough discussion of a similar case involving an apartment lease in a Chapter 13 proceeding. There, Judge Deuberstein pointed out that the filing of a petition under Title 11 does not bring back to life a lease terminated prior thereto. This is true even though the lease may provide the basis for occupation of the debtor's principal place of business.

As stated in the Opinion filed on November 24, 1982, debtor's landlord sought to terminate the tenancy by an action filed in the District Court of Maryland. The landlord was successful. It was also successful upon the appeal to the Circuit Court for Montgomery County, Maryland, and it maintained its unblemished record in the state court when the Court of Appeals of Maryland denied a petition for a Writ of Certiorari. It was only when the landlord sought to enforce its warrant of restitution that Pagoda filed its petition for relief under Chapter 11. What debtor seeks to do is to use the bankruptcy court as a super supreme court over all of the four layers of Maryland courts. *See generally, Hurt v. Cypress Bank,* 9 B.R. 749 (Bkrtcy.N.D.Ga. 1981), and *Matter of Wild Oaks Utilities, Inc.,* 18 B.R. 959 (Bkrtcy.S.D.N.Y.1982). This court has already indicated that the Chapter 11 proceeding was instituted to delay further the right of the landlord to retake the property. If Pagoda were genuinely interested in its other creditors, it would have filed a Chapter 11 proceeding long before the time that it did. The ques-

---

**2.** While the maxim *quod ab initio non valet in tractu temporis non convalescit* ("that which was originally void, does not by lapse of time become valid") is not precisely applicable, the sense of the maxim is appropriate.

**3.** *See In Re Jolly Joint, Inc.,* 23 B.R. 395, 9 BCD 841 (Bkrtcy.E.D.N.Y.1982), use of chapter proceedings for delay.

tion now before this court is whether a stay at this late stage in the proceeding is appropriate. In reviewing this application for a stay pending appeal, this court follows the test enunciated by Chief Judge Winter in *Long v. Robinson,* 432 F.2d 977, 979 (4th Cir.1970). As was stated:

> Briefly stated, a party seeking a stay must show (1) that he will likely prevail on the merits of the appeal, (2) that he will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay.

*See also, Blackwelder Furniture Co. v. Selig Manufacturing Co.,* 550 F.2d 189 (4th Cir. 1977). While it may well be that Pagoda will suffer irreparable injury if the stay is denied, it will also suffer irreparable injury if the order of this court is affirmed. There appears to be little likelihood that Pagoda would prevail upon the merits of the appeal. Its lease has been terminated. The only interest that it has is as a tenant at sufferance, and, the automatic stay having been lifted, the landlord is free to proceed. The substantial harm to the landlord is that it will be further deprived of the immediate right to possession of the subject premises. There is no public interest involved in this case.

Balancing all of the equities presented by this matter, it is, this 14th day of December, 1982, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, That the Motion for Stay of Order Pending Appeal be, and the same is hereby, denied.