**In re OLD SOUTH COORS, Coors of North Mississippi, Inc.**

**Nos. EC83–101–LS, EC83–102–LS.**

United States District Court,
N.D. Mississippi, E.D.

March 24, 1983.

Jerome C. Hafter, Lake, Tindall, Hunger & Thackston, Greenville, Miss., Bradley, Campbell & Carney, Golden, Colo., for plaintiff.

Walker W. Jones, III, Jackson, Miss., for defendant.

## MEMORANDUM OPINION

L.T. SENTER, Jr., Chief Judge.

These bankruptcy matters come before the court on the motions of Adolph Coors for a stay of the bankruptcy court's March 4, 1983, 27 B.R. 918, orders pending this court's consideration of the merits of those orders on appeal. After having considered the motions of Coors, the briefs of counsel, the records below, and pertinent case law, the court is of the opinion that the relief sought should be denied.

The parties agree that the four factors governing a stay on this appeal are as follows:

1) whether the movant has made a showing of likelihood of success on the merits,

2) whether the movant has made a showing of irreparable injury if the stay is not granted,

3) whether the granting of the stay would substantially harm the other parties, and

4) whether the granting of the stay would serve the public interest.

*United States v. McKenzie,* 697 F.2d 1225 (5th Cir.1983). This court is particularly concerned with Coors' presentation on the third and fourth factors.

Coors has argued that if a stay is granted pending appeal, the prospective distributorship purchasers could be allowed to distribute Coors beer on a temporary basis. According to Coors, this interim arrangement would block any injury the debtors might sustain from an interruption of their dealings with the prospective distributors. However, no proof was offered to show that such an interim arrangement has been discussed with or seriously considered by the proposed distributors or that it would be workable. This court, being aware of the substantial preliminary capital outlay nec-

essary to establish a Coors beer distributorship, is unwilling to accept Coors' unsupported speculation that the prospective distributors would expend considerable sums to engage in what might turn out to be only a temporary arrangement.

Looking at this possibility of interruption of Coors beer distribution in the context of the public interest factor, the court must consider the interests of other creditors. The possibility that the sale of the distributorship as an asset and the distribution of Coors beer might be stayed or suspended indefinitely could hamper the ability of the other creditors to recover on the obligations owed to them by the debtors. The debtors have represented to this court that the sale of the distributorship as an asset could generate almost $1.5 million in proceeds to be distributed to all creditors. Adolph Coors claims an indebtedness of approximately $110,000, or only about 9.09 percent of this amount. This court is unwilling to risk the other 91 percent involved without more concrete assurance that these other interested parties will be protected. (Furthermore, it must be noted that Coors has neither suggested to this court that the proposed sales are not reasonable ones, that is, the prices do not reflect fair market value, nor has it introduced another revenue-producing alternative for the protection of the creditors.)

Because Adolph Coors has failed on the last two of the four factors, the court need not address the first two factors or issues discussed by the Bankruptcy Court in its opinion and by debtors' counsel in his brief. An appropriate order will be entered denying the stay pending appeal.* For the convenience of the court and because of the similarity of these matters, the order shall also consolidate these matters for all further proceedings.

---

* The parties should contact the court concerning a timetable for the briefing of the merits of

Coors' appeal.