In the Matter of EAST TOWN
PROPERTIES, Debtor.

Bankruptcy No. 82–02497.

United States Bankruptcy Court,
E.D. Wisconsin.

July 14, 1983.

Christopher Ford and Michael Harris, Madison, Wis., for Commercial Services.

Peter C. Blain, Milwaukee, Wis., for Ralph Anzivino, trustee for the Chapter 11 estate of Oliver Plunkett and Real Estate Resources, Inc.

## MEMORANDUM DECISION AND ORDER DENYING MOTION FOR STAY PENDING APPEAL

C.N. CLEVERT, Bankruptcy Judge.

The court scheduled and heard this Chapter 11 case on June 13, 1983, to determine, after due notice to creditors, whether this case should be converted or dismissed. The court also considered motions of Commercial Services Company, a claimant herein, seeking, among other things, that the hearing be dismissed for lack of jurisdiction.

After considering extensive argument and Commercial Services' brief the court found:

1. 11 U.S.C. § 1112(b) did not prohibit the court from considering *sua sponte* whether a Chapter 11 case should be converted or dismissed; and that the court had the authority under 11 U.S.C. § 105 to consider such matters *sua sponte*. *In re Nikron, Inc.,* 27 Bankr. 773, 8 Collier Bankr.Cas.2d (MB) 107 (Bankr.E.D.Mich. 1983); *In re Coram Graphic Arts,* 11 Bankr. 641, 7 Bankr.Ct.Dec. (CRR) 1014 (Bankr.E.D.N.Y.1981); *In re Gale,* 8 Bankr. 960, 7 Bankr.Ct.Dec. (CRR) 292, 3 Collier Bankr.Cas.2d (MB) 765, Bankr.L. Rep. (CCH), ¶ 67,853 (Bankr.D.Md.1981); *In re Stahl, Asano, Shigetomi & Associates,* 7 Bankr. 181, 6 Bankr.Ct.Dec. (CRR) 1306 (Bankr.D.Hi.1980). *Contra: In re Alton Telegraph Printing Company,* 14 Bankr. 238, 8 Bankr.Ct.Dec. (CRR) 457, 5 Collier Bankr.Cas.2d 236 (Bankr.S.D.Ill. 1981); *Zip Print, Inc. v. Keller* (In re Zip Print, Inc.) 4 Bankr. 676 (Bankr.N.D.Ga. 1980).

2. Cause for conversion or dismissal was clearly demonstrated by the records, files and proceedings in this case which showed among other things:

    a. This case was commenced upon the filing of an involuntary petition which the debtor never contested.

    b. The Park East Hotel, the debtor's principal asset, was the subject of a land contract foreclosure judgment, and at the time of the petition the debtor had only a few days to redeem the property by paying the plaintiffs in that action $2,199,398.00.

    c. This court authorized foreclosure of the Park East Hotel to continue on September 9, 1982, in *Joseph Zilber v. East Town Properties,* Adv. Proceeding 82–0978, a case in which neither the debtor nor any of its general or limited partners appeared or defended in any manner. (The court's findings of fact and conclusions of law in said adver-

sary proceeding are incorporated herein by reference.).

d. This court's decision was not stayed pending an appeal to the U.S. District Court.

e. On April 25, 1983, the District Court affirmed this court's decision authorizing the foreclosure to continue.

f. A timely appeal of the District Court's decision was not taken.

g. The debtor's right to redeem the Park East Hotel appears to have expired.

h. The debtor was not engaged in any business and did not appear to be a viable entity.

i. There was great difficulty in securing schedules of the debtor's assets, liabilities, creditors and statement of affairs.

j. The debtor's general partners had abandoned the Park East Hotel and had informed the plaintiffs in Adversary 82–0978 that they were not going to advance any additional funds to maintain the property, which had been placed into the hands of a state court receiver on March 31, 1982.

k. On May 4, 1983, the debtor was deemed, without objection, to have rejected its lease of the telephone equipment installed in the Park East Hotel.

l. A functioning telephone system was found to be essential to the operation of the Park East Hotel.

m. With the exception of Commercial Services, Charles Hanson and Brust-Heike/Design Associates, Inc., who were allowed to intervene in Adversary 82–0978 and Martin Gregorich who was directed by the court to file schedules for the debtor, no parties in interest had appeared prior to June 13, 1983, to advance the Chapter 11.

n. The statements made during the course of the June 13, 1983, hearing about a possible reorganization plan appeared fanciful at best.

3. The court found that Commercial Services had raised questions regarding fraud and the existence of certain previously undisclosed assets.

4. The court also found that it was in the best interest of the debtor's estate that this case be converted to Chapter 7 and that an interim trustee be appointed.

5. In view of the foregoing, the court ordered that this case be converted to a liquidation case under Chapter 7 of the Bankruptcy Code. The court then stayed its decision for 30 days pending a decision by the District Court on the Intervenor's motion for an extension of time to appeal Adversary 82–0978 to the 7th Circuit Court of Appeals or the filing of a report that a decision had not been rendered.

6. On June 23, 1983, Commercial Services moved the court to stay its June 13, 1983, conversion order pending an appeal to the District Court and on July 12, 1983, Commercial Services moved the court to further delay conversion pending a decision by the District Court on its motion for an extension of time to appeal Adversary 82–0978.

7. The court has since received the District Court's order of July 13, 1983, denying an extension of time to appeal. Thus the basis for the June 13, 1983, stay has ceased to exist.

8. Unless the court stays the effective date of its June 13, 1983, conversion order, this case will continue under Chapter 7, effective today.

Motion for Stay Pending Appeal

The brief filed by Commercial Services' in support of its motion for a stay pending appeal of the June 13, 1983, conversion order noted four factors that courts have considered in determining whether or not to grant similar motions: (1) likelihood of success on the merits; (2) irreparable harm to the moving party if the stay is not granted; (3) the extent to which other interested parties will be injured by the stay; and (4) the possible injury to the public interest.

Considering the first factor, the court is of the opinion that 11 U.S.C. § 105 and the best reasoned case authorities previously cited clearly supported this court's authori-

ty to consider, *sua sponte,* whether this case should be converted to Chapter 7 or dismissed. Furthermore, the facts and circumstances before the court during the June 13, 1983, hearing including all the records, files and proceedings theretofore had in this case provided a firm basis for the decision which was rendered. For those reasons, this court believes that an appeal will not be successful.

The second factor which deals with irreparable injury, was not well supported in this case. The creditors in this case have no greater interest in the Park East Hotel than the debtor. And now that the District Court has decided not to grant the extension of time to appeal Adversary 82–0978 to the 7th Circuit, it appears that the debtor does not have a right to redeem the hotel. Based upon the available data, the court believes that the debtor's right to redeem the hotel has expired. Therefore, it follows that creditors and other parties in interest do not have an interest in the hotel which might be injured if a stay is not imposed.

It does appear, on the other hand, that parties with claims against the debtor may be injured if a Chapter 7 trustee does not investigate the possible existence of previously undisclosed assets. A further stay would continue this case in a Chapter 11 where no one has undertaken to formally investigate the debtor's assets or causes of action. Thus, if the Chapter 11 should continue during a possibly meritless appeal, whatever assets now exist may deteriorate or even disappear. For those reasons, the third factor affecting the imposition of a stay militates against granting the Commercial Services' motion.

The fourth and last factor for consideration is the public interest. The court believes that a stay would have little impact on the public-at-large, and as such, this favors granting Commercial Services' motion. But on balance, the facts in this case do not justify imposition of a stay.

The motion of Commercial Services seeking a stay of this court's June 13, 1983, order converting this case to a Chapter 7 liquidation bankruptcy is, therefore, denied.