## In re RICHMOND METAL FINISHERS, INC., Debtor.

### Bankruptcy No. 83–01047–R.

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Jan. 5, 1984.

James R. Sheeran, Richmond, Va., for debtor.

Benjamin C. Ackerly, Richmond, Va., for Lubrizol, Inc.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter came before the Court upon the filing of a motion for stay pending appeal by Lubrizol Enterprises, Inc. (Lubrizol) of a judgment by this Court regarding the rejection of an executory contract. After notice and hearing, and after submission of memoranda by counsel for the debtor, Richmond Metal Finishers, Inc. (RMF), and Lubrizol, this Court renders the following opinion.

## STATEMENT OF FACTS

On November 1, 1983, this Court, 34 B.R. 521, entered an order pursuant to its Memorandum Opinion entered the same day granting the debtor's motion to reject its executory contract with Lubrizol. On November 10, 1983, upon motion by Lubrizol, this Court entered an order extending the time within which to file a notice of appeal to November 30, 1983. On November 30, 1983, Lubrizol filed in this Court a notice of appeal to the District Court. Also, on November 30, 1983, Lubrizol filed a motion for stay pending appeal. On December 19, 1983, after proper notice, a hearing was held on Lubrizol's motion for stay pending appeal.

At that hearing Lubrizol, by counsel, argued: 1) that on appeal they would in all likelihood prevail; 2) that there would be irreparable injury to them unless the stay is granted; 3) that there would not be substantial harm to any other party in interest if the stay is granted; and 4) that if the stay is granted there would be no harm to the public interest. Lubrizol presented no evidence to support these four contentions except by way of cross examination of the witness testifying for RMF.

At that hearing on December 19, 1983, RMF established through the testimony of John Randall, a small business consultant, (1) that if the technology, which is the subject of the executory contract, is sold in early 1984, a cumulative cash flow in the amount of $171,000 in 1985, $330,000 in 1986, and $500,000 in 1987 would result from the company's operations including royalties from the technology; (2) that this cumulative cash flow would be after company expenses and, therefore, would be available to fund a reorganization plan; (3) that the debtor's reorganization efforts have already been harmed by delays in selling the technology; and (4) that if the technology cannot be sold within the next 12 months, RMF's reorganization will fail.

## CONCLUSIONS OF LAW

The issue presented here is whether this Court should grant Lubrizol a stay of this Court's November 1, 1983 judgment permitting RMF to reject its executory contract with Lubrizol.

■ A stay pending appeal is in the nature of a preliminary injunction. *In re Parr,* 1 B.R. 453 (Bkrtcy.E.D.N.Y.1979); *In re Chanticleer Associates Ltd.,* 4 B.C.D. 509 (S.D.N.Y.1978). Accordingly, in determining whether this Court should issue a stay pending appeal the Court will consider those factors used in determining whether a preliminary injunction should issue. Those factors are: 1) likelihood that a party seeking the stay will prevail on the merits of the appeal; 2) irreparable injury to the moving party unless the stay is granted; 3) no substantial harm to other interested parties; and 4) no harm to the public interest. *In re Tolco Properties, Inc.,* 6 B.R. 490, 491 (Bkrtcy.E.D.Va.1980). This four part standard has been nearly unanimously adopted by the federal courts in determining whether to grant a stay pending an appeal in bankruptcy matters. *See e.g. Long v. Robinson,* 432 F.2d 977, 979 (4th Cir.1970); *In re White Motor Corp.,* 25 B.R. 293, 297 (N.D.Ohio 1982); *In re Wymer,* 5 B.R. 802, 806 (Bkrtcy. 9th Cir.1980); *In re Beck,* 26 B.R. 945, 946 (Bkrtcy.N.D.Ohio 1983); *In re Richardson,* 15 B.R. 930, 931 (Bkrtcy.E.D. Pa.1981); *see also Schwartz v. Covington,* 341 F.2d 537 (9th Cir.1968).

■ Some courts have required that all four aspects of the above outlined standard be established before granting a stay pend-

ing appeal. *See In re Beck,* 26 B.R. at 947; *In re Sung Hi Lim,* 7 B.R. 319, 321 (Bkrtcy. D.Haw.1980). Other courts, however, have applied a balancing test wherein every aspect of the four part standard need not be established. Those courts have held that a stay pending appeal is appropriate if in balancing the four criteria the equities mandate that a stay be granted. *See, In re Pagoda International, Inc.,* 26 B.R. 18 (Bkrtcy.D.Md.1982); *In re Richardson,* 15 B.R. at 931. Without deciding which approach is required, this Court will discuss all four aspects of the standard in determining whether to grant or deny Lubrizol's motion for a stay pending appeal.

Lubrizol has argued unpersuasively that they will likely prevail on the merits on appeal. Lubrizol has not cited to this Court any new authority or authority not discussed previously by this Court to prompt this Court to reverse its opinion of November 1, 1983. There is considerable law addressing the issues of rejection of executory contracts. A reconsideration of that authority demonstrates that there is general agreement as to the appropriate standards in approving a motion for rejection of an executory contract. This Court's opinion of November 1, 1983, is consistent with and, in fact, is mandated by those authorities.

Some courts have held that where a divergence of legal authority or case law on a particular question exists, a stay pending appeal is appropriate because the issue of the appellant's likelihood to prevail on the merits of an appeal is significant. *See In re Dobslaw,* 20 B.R. 922, 924 (Bkrtcy.E.D.Pa. 1982); *In re Tenfield, Inc.,* 12 B.R. 14, 15 (Bkrtcy.E.D.Va.1981). In the instant matter, however, Lubrizol has not demonstrated that divergence of authority exists on this issue. Nor has Lubrizol identified any significant errors in this Court's opinion of

November 1, 1983, to convince this Court that they would likely prevail on appeal. Therefore, this Court holds that Lubrizol is not likely to prevail on the merits of an appeal.

Lubrizol argues that it will suffer irreparable harm unless the stay is granted because third parties may obtain rights to the subject technology which could prevent or hinder Lubrizol from exercising its rights under the agreement in the event Lubrizol prevails on appeal. By this Lubrizol means that if a stay is denied RMF may grant to another party an exclusive license to the technology. This is Lubrizol's only argument that they will be irreparably injured.

Any injury that might result to Lubrizol is in the nature of contract damages only. This Court believes that the type and character of injury contemplated by the applicable standard as "irreparable" is something of greater severity than normal contract damages. Case law reveals that irreparable injury has been found by courts in situations such as where a party would be incarcerated if a stay pending appeal is not granted. *See In re Tenpins Bowling, Ltd.,* 32 B.R. 474, 484 (Bkrtcy.M.D.Ga.1983). Contract damages are not irreparable, Lubrizol may file timely a proof of claim and share in any distributions under the debtor's reorganization plan or in liquidation if the debtor's case is converted to one under Chapter 7.[1] It is also significant to note that Lubrizol may be unable to prove any damages in this case. At the time the debtor brought the motion to reject the executory contract with Lubrizol, Lubrizol had not exercised any of its rights under the contract by which profit was generated for Lubrizol or RMF. With these things in mind, this Court concludes that Lubrizol has not shown that they will be irreparably

---

1. Courts that have found irreparable harm have also required a showing of a likelihood of success on the merits of an appeal before granting a stay. *See, e.g., In re Babco, Inc.,* 25 B.R. 325 (W.D.Pa.1982); *In re Sing Hi Lim,* 7 B.R. 319 (Bkrtcy.D.Haw.1980). Therefore, even if this Court was to hold that Lubrizol will incur irreparable harm because the debtor may potentially end up as a no-asset Chapter 7 estate, the requested stay should be denied because Lubrizol must at least demonstrate a likelihood of success on the merits in conjunction with such irreparable harm (which they have failed to do) in order for this Court to grant the requested stay.

harmed if the judgment of this Court is not stayed pending appeal.

The third aspect of the applicable standard is whether substantial harm to the other interested parties will occur if the stay is or is not granted. Lubrizol argues that because the technology which is subject of the agreement is not security for any debt no other party will be harmed if a stay pending appeal is granted. Apparently, Lubrizol is correct in stating that there is no secured party that would be harmed if a stay pending appeal was granted. However, this Court recognizes that there are other interested parties that may be harmed if the stay is granted.

As stated by the debtor in his brief and as established by the evidence presented at the debtor's motion for rejection of an executory contract, the technology license agreement is the debtor's principal asset without which a reorganization of the debtor is impossible. The evidence established further that a need to act promptly existed in order to reorganize the debtor, and that in light of the absence of any prior payments by Lubrizol to RMF under the license agreement there is a greater likelihood of an infusion of cash to aid the debtor's reorganization if the contract is rejected. Therefore, to stay this Court's judgment of November 1, 1983, may be the death nell of the debtor's reorganization efforts with a corresponding loss to the creditors, particularly the unsecured creditors of RMF who will most likely receive less in liquidation than they would had RMF been permitted to gain confirmation and consummation of a plan of reorganization. *See In re Old South Coors, Inc.,* 30 B.R. 412, 413 (N.D. Miss.1983). With these observations in mind, this Court holds that creditors of RMF are "other interested parties" that will be harmed if the requested stay is granted.

Finally, Lubrizol argues that a stay is in the public interest. As a basis for this contention, Lubrizol states that it is in the public interest that RMF be forestalled from ostensibly granting rights to technology when its power to do so is unclear or uncertain. The Court is not convinced that RMF's power to grant its technology rights to other parties is unclear or uncertain. RMF rejected its executory contract with Lubrizol pursuant to authority explicitly provided by the Bankruptcy Code. 11 U.S.C. § 365. With the contract rejected RMF is now free to grant any or all of its rights to the technology because it is no longer affected by an existing valid agreement with another party (i.e. Lubrizol).

This Court is uncertain whether the aspect of the public interest in the analysis outlined above is applicable to the instant case. Most often an analysis of the public interest in granting or denying a preliminary injunction involves a threat to the public as a whole such as an environmental problem, a labor dispute or possibility of cessation of utility or public services. Therefore, this Court does not believe that much weight, if any, should be given to the parties' contentions as to what is the public interest in this matter.

If there is a public interest in this matter, it is seeing that the purposes and policies of the Bankruptcy Code are not frustrated particularly the underlying policy of bankruptcy law to help reorganize debtors and provide a "fresh start." In this regard any "public interest" weighs against granting the stay. *Cf. In re Intermet Realty Partnership,* 27 B.R. 938 at 940 (Bkrtcy.1983) (where the U.S. Bankruptcy Court in considering whether to grant a stay pending appeal stated that the debtor's "assertion that without this property the debtor will be unable to fund a plan of reorganization and satisfy claims of creditors lends weight to the argument [that the stay should be denied] so ably advanced by the debtor." *Id.*)

In the instant matter, the evidence has established that if this Court grants Lubrizol a stay pending appeal and, thereby, prohibits RMF, Inc. from disposing of technology that constitutes its principal asset, the reorganization of RMF will, in all likelihood, be impossible. Thus, this Court concludes that to grant the stay would permit Lubrizol to relitigate matters already decid-

ed by this Court and frustrate the debtor's rehabilitation. Lubrizol has failed to cite to this Court authority for granting a stay pending appeal in this matter and has not convinced this Court by argument that a stay is appropriate. Therefore, the Court concludes that a stay of the November 1, 1983 judgment of this Court should not and will not be stayed by this Court during the pendency of the appeal taken by Lubrizol from that judgment.

An appropriate Order will issue.