In re **BEKER INDUSTRIES CORP.,**
**et al., Debtors,**

**BEKER INDUSTRIES CORP. and Beker Phosphate Corporation, as Debtors-in-Possession, Plaintiffs,**

v.

**FLORIDA LAND AND WATER ADJUDICATORY COMMISSION, Board of County Commissioners of Manatee County, Florida, Defendants.**

Bankruptcy Nos. 85 B 11709–85 B 11710.

Adv. No. 85–6825.

United States Bankruptcy Court, S.D. New York.

Feb. 13, 1986.

---

Kronish, Lieb, Weiner & Hellman by Richard Lieb, Alan Levine, Karen M. Klein, Ingrid R. Sausjord, New York City, for debtors-in-possession.

Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A. by Alan C. Sundberg, Russell S. Bogue, III, Nancy G. Linnan, Tallahassee, Fla., for Manatee County.

The Attorney General's Office for the State of Florida by David K. Miller, David G. Guest, Asst. Attys. Gen., Tallahassee, Fla., for Florida Land & Water Adjudicatory Commission.

## DECISION AND ORDER ON MOTION FOR A STAY PENDING APPEAL

HOWARD C. BUSCHMAN, III, Bankruptcy Judge.

Beker Industries Corp. and Beker Phosphate Corporation (the "Debtors" or "Beker") have filed a notice of appeal to the United States District Court for the Southern District of New York from the decision and order dated February 6, 1986, 57 B.R. 611, as corrected by an errata order dated February 11, 1986 (familiarity with which is assumed) denying their motion for a preliminary injunction preventing the continuation of an administrative proceeding (the "Proceeding") before the Florida Land and Water Adjudicatory Commission (the "Commission"). The Proceeding is now scheduled to be heard on February 18, 1986. Concurrently, with filing its notice of appeal on February 11, 1986, Beker made an oral motion, during a telephone conference call with the Court and Florida counsel for the Commission and Manatee County (the "County"), for a stay of the Commission Proceeding pending hearing and determination of the appeal.

In support, Beker argues that a stay was necessary to preserve the status quo so as not to moot its appeal. That appeal will largely focus on whether the automatic stay provided in § 362(a)(1) and (2)(3) of the Bankruptcy Code, 11 U.S.C. §§ 362(a)(1), (a)(3) (1984) (the "Code") embraces the Proceeding before the Commission on February 18, 1986 and whether the exemption provided by § 362(b)(4) is limited to actions by a governmental unit involving health and safety. Noting the lack of precedent with respect to § 362(a)(3), Beker asserts that the issue should be addressed by the district court. The Debtors further assert that they have not obtained permanent financing and that the trial as to that matter is scheduled to resume on February 20, 1986, and they therefore need a stay in order to administer these estates. The Commission and County oppose the motion.

### I

The authority for a stay pending appeal from an order of the bankruptcy courts is contained in Rule 8005 of the Rules of Bankruptcy Procedure. Such a stay may be issued if the following are met:

(a) the applicant make a strong showing that he is likely to succeed on the merits of the appeal; (b) the applicant establish that unless a stay is granted he will establish irreparable injury; (c) no substantial harm will come to other interested parties, and (d) a stay will do no harm to the public interest.

See Matter of Cretella, 47 B.R. 382, 383–84 (E.D.N.Y.1984); In re Richmond Metal Finishers, Inc., 36 B.R. 270, 271 (Bankr.E. D.Va.1984); Commonwealth National Bank v. Dobslaw (In re Dobslaw), 20 B.R. 922, 924 (Bankr.E.D.Pa.1982), aff'd 712 F.2d 864 (3d Cir.1983), cert. denied, 465 U.S. 1024, 104 S.Ct. 1279, 79 L.Ed.2d 683 (1984); In the Matter of East Town Properties, 31 B.R. 507, 508–09 (Bankr.E.D.Wis. 1983); see also In re Pine Lake Village Apartment Co., 21 B.R. 395, 398 (S.D.N.Y. 1982); see generally 11 C. Wright & A. Miller, Federal Practice and Procedure, § 2904 (1973).

With respect to the likelihood of success on the merits of the appeal, the Debtors have made no such showing; indeed, on

this oral motion no brief has been submitted. While the 11 U.S.C. § 362 issues discussed in our opinion of February 6, 1986 might be subject to differing views, nothing has been offered that indicates the validity of an interpretation of § 362(a)(3) contrary to that arrived at in the Decision. Nor has a reconciliation of the cases under § 362(b)(4) been offered which would limit that exemption to matters involving public health and safety. In addition, the recent decision by the Supreme Court in *Midlantic National Bank v. New Jersey Department of Environmental Protection,* —— U.S. ——, 106 S.Ct. 755, 88 L.Ed.2d 859 (1986) casts significant doubt on the Debtors' likelihood of success in prevailing on the appeal. In addition to noting that only one of the purposes of the exemption afforded by § 362(b)(5), and hence § 362(b)(4), of the Bankruptcy Code concerns health and safety, contrary to the Debtors' argument, the Court's opinion reflects the strong deference that is to be given to regulation of a debtor post-petition.

As to the need for an injunction to enable administration of the reorganization, this Court's decision was based only on the record before it on the motion and did not consider the Debtors' failure to obtain court approval, pursuant to § 364(d) of the Bankruptcy Code, of permanent financing by January 31, 1986, due to the objection of its debenture holders. The Debtors have not moved to reopen the record in this proceeding to place that fact before the Court to be considered on this record and thereby afford the defendants with the opportunity to respond and rebut. Nor have they proffered any excuse for failing to do so. Thus, we were constrained from considering that fact.

A court in bankruptcy, in having exclusive jurisdiction over a debtor and its property, entertains numerous proceedings concerning that particular debtor. Were it unilaterally to transplant facts from one proceeding to another, the parties thereto would not have the opportunity to respond. Nor would the record of that proceeding contain the universe of facts to be considered both here and on appeal.

At this juncture and on this record, to issue a stay pending an appeal would, moreover, likely afford the appellants the ultimate relief they seek on this ground: an injunction until confirmation or failing that, until the end of the 180 day period under § 1121 of the Code during which a debtor has the exclusive right to obtain acceptance of a plan. Such relief is not precluded; but it requires a showing of great likelihood of success and irreparable injury from denial of the stay. 11 C. Wright & A. Miller *Federal Practice and Procedure,* § 2904 (1973).

Not only have the Debtors failed to show such likelihood, they have also failed to show irreparable injury. As noted in our February 6, 1986 decision, Beker will incur no irreparable injury since its ability to ship phosphate will be largely if not completely preserved even were the County's motion for rehearing before the Florida circuit court granted and the April 1985 order of that court enabling it to ship up to 2 million tons of phosphate annually, were vacated. It is not disputed that the prior order enabling the Debtors to ship 1.5 million tons will remain in place.

As to the remaining factors, it appears that the Commission and County will not be substantially harmed by a stay. But the lack of impact on the public interest is less certain. This last factor has its most noteworthy expression in *Virginia Petroleum Jobbers Ass'n v. Federal Power Commission,* 259 F.2d 921 (D.C.Cir.1958). There, the appellant sought to intervene in opposition to application by another distributor of natural gas before the Federal Power Commission. Upon its motion being denied, it sought a temporary restraining order from the district court staying the Federal Power Commission hearing, which was denied. It then sought a stay on appeal. The Court of Appeals, notwithstanding its finding that appellant had shown a probability of success of appeal, denied the motion. In so doing, it termed the public interest considerations to be "crucial" in a case involving

hearings before an administrative agency charged with administering legislation in the public interest. The court noted that it is the function of the agency to determine the public interest, expressed reluctance to interfere with administrative proceedings and held that in light of those circumstances, the appellants "power to accelerate court consideration of its petition for review" to be "an adequate remedy." 259 F.2d at 927.

Here, the Commission is similarly charged with acting in the public interest. Hearing and determination of the appeal is in the province of the district court and the parties have agreed to its expedition by proceeding on the briefs before this Court. That expedition, if ordered by the district court, should preserve the status quo.

It is that preservation of the status quo pending appeal that is urged by the Debtors in invoking the provision of Rule 8005 enabling the bankruptcy court to enter an "appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." They emphasize that with respect to the "control" provision of § 362(a)(3) of the Bankruptcy Code, this Court observed that it wrote on a clean slate. They thus assert that there should be appellate review of at least that issue before the Commission hearing on February 18, 1986 which they contend is barred by the automatic stay.

The warrant of the quoted provision does not reach so far to support a stay for that reason absent the showing necessary for a stay pending appeal. The provision had its source in § 39(c) of the former Bankruptcy Act. 11 U.S.C. § 67(c) (1966) (repealed). *See* Advisory Committee Note to Rule 8005. There is no indication of any intention that the section changed the rules applicable to stays pending appeal. Indeed, the principal treatise cites, as the primary examples of the power, the far less drastic power to suspend trials on the merits during the pendency of interlocutory appeals. J. Moore, 2A *Collier on Bankruptcy*, ¶ 39.26 (14th Ed.1976).

Accordingly, the motion must be, and hereby is, denied. There is no demonstration of probability of success on the appeal or irreparable injury. Reluctance to interfere with administrative proceedings in the public interest is coupled with the notion that a stay here would effectively grant the relief ultimately sought. To be sure, these notions are tempered by a concern that the issues concerning § 362 of the Code are fair ground for appeal. This Court, however, lacks power to expedite the appeal on those issues. If the motion is brought before the district court, pursuant to Rule 8005, that court will surely consider expedited treatment.

IT IS SO ORDERED.