**In re BROOKFIELD CENTRE LIMITED PARTNERSHIP, a Virginia limited partnership, Debtor.**

**BROOKFIELD CENTRE LIMITED PARTNERSHIP, a Virginia limited partnership, Plaintiff,**

**v.**

**CFS MANAGEMENT COMPANY, a Virginia corporation, Defendant.**

**Bankruptcy No. 91–31269–S.**
**Adv. No. 91–3106.**

United States Bankruptcy Court, E.D. Virginia, Richmond Division.

Oct. 9, 1991.

Michael P. Falzone, Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, Va., for plaintiff.

E. Duncan Getchell, Jr., David A. Woodmansee, McGuire, Woods, Battle & Boothe, Richmond, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes on before this Court upon the October 3, 1991, filing by Brookfield Centre Limited Partnership ("Brookfield") of a Motion for Injunction Pending Appeal, regarding this Court's prior decision, entered September 12, 1991, denying injunctive relief to Brookfield. Said motion was filed by the debtor in an effort to enjoin the foreclosure sale by CFS Management Company ("CFS") of Brookfield's principal asset. For the reasons set forth in this Memorandum Opinion, the Court denies Brookfield's motion.

Federal Rule of Civil Procedure 62 is made applicable through Bankruptcy Rule of Procedure 7062. FRCP 62(c) states, in pertinent part, that the court in its discretion may suspend, modify, restore or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

 The factors to be considered in granting an injunction pending appeal are like those required for a preliminary injunction. *Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing Co., Inc.*, 550 F.2d 189 (4th Cir.1977) states the test to be used by district courts in determining the appropriateness of granting injunctive relief. The first step is to balance the likelihood of irreparable harm to the plaintiff against the likelihood of irreparable harm to the defendant. If the court determines that the "decided imbalance of hardship" lies with the plaintiff, then the plaintiff need only show he has raised a grave or serious question of law and the court need not address the likelihood of success on appeal. Where a plaintiff fails to demonstrate a decided imbalance of irreparable harm in its favor, the importance of the probability of succeeding on appeal increases as the probability of irreparable harm decreases.

 The hardship to Brookfield does not appear to be irreparable. The Court, in its Bench Opinion, stated that a specifically enforceable contract, for a deed in lieu of foreclosure, did not exist between the parties. Additionally, Brookfield sought monetary damages from this Court in its motion for preliminary injunction. Also, the retention of the property is not essential to Brookfield's reorganization. The stated intention of Brookfield is to dispose of the real estate to CFS. A denial of the stay at this time will not create an irreparable harm.

The harm which CFS would incur, if the injunction were granted, is the loss of the funds which could be generated by the foreclosure sale. The possibility also exists of depreciation and deterioration of the property. The Court had in prior hearings found that CFS was not adequately protected and there were insufficient funds to maintain debt service on the non-recourse loan. The Supreme Court in *United Sav. Ass'n v. Timbers of Inwood Forest*, 484 U.S. 365, 108 S.Ct. 626, 627, 98 L.Ed.2d 740 (1988), held that undersecured creditors are not entitled to compensation for the delay caused by the automatic stay in foreclosure on their collateral. When the creditor is undersecured he may not demand debt service as adequate protection. Without relief under § 362(d) an undersecured creditor must await confirmation of a plan of reorganization. During this period of time CFS as an undersecured creditor is not able to demand payment of interest on its note. The interest lost may never be recovered.

Relief under 11 U.S.C. § 362 was granted to CFS July 31, 1991, to allow it to foreclose on the property which is the subject of this adversary proceeding. No appeal was taken to that decision. Efforts, however, persist here again to delay the relief previously requested and granted. This request for a stay pending appeal is just a rehearing on the preliminary injunction hearing. The court heard the evidence which it considered relevant to a decision on the injunction motion and found that the allegations were not sufficiently proven to establish the existence of a written contract, and after consideration of all the parol evidence offered it still did not believe that was sufficient to establish a bind-

ing agreement between the parties. As this Court stated in *In re Tolco Properties, Inc.*, 6 B.R. 490, 491 "a stay pending appeal is in the nature of a preliminary injunction." The Court has already rendered its decision in the preliminary injunction hearing. This request for a stay is a repeat of that decision. The granting of the stay would thwart the remedy acquired by CFS in its relief from stay motion from which no appeal was taken.

Further, it does not appear that the burden of irreparable harm falls decidedly on the shoulders of Brookfield. CFS stands to incur considerable costs itself. This being so, Brookfield must do more than merely demonstrate that it has raised a serious and substantial question of law. The probability of success on appeal must now be increased because the imbalance of hardship does not appear to be decidedly in favor of the plaintiff. There does not appear to be a significant possibility of Brookfield prevailing on appeal.

Finally, in *In re Tolco Properties, Inc.* 6 B.R. 490 (1980), this Court stated that "granting the relief required by the Debtor in the Motion to Stay would have the effect of negating this Court's prior Order. It would allow the Debtor to proceed to negotiate for the sale of its assets and formulate and file a plan of reorganization which this Court would be asked to confirm, and by these actions, the Court would effectively render moot its prior determination. This is more than the Court is privileged to do. As previously stated, 'it is not appropriate that [the Debtor] be given choices ad infinitum to the continual delay and detriment of others.'" Although *Tolco* is distinguishable on its facts, the underlying premise is applicable in the case at hand. Granting injunctive relief would render moot this Court's prior determination of September 12, 1991, denying injunctive relief as well as nullifying the order granting relief from stay under 11 U.S.C. § 362 entered herein on July 31, 1991. While denying the injunction would render moot the plaintiff's appeal of this issue, the plaintiff has asserted additional avenues of recovery at law and, therefore, should it prevail it would not be irreparably injured. In addi-

tion, granting the injunction would, in effect, accomplish what the Debtor has failed to do on two prior occasions when its objection to CFS's motion for relief of stay was overruled and when its prior request for a preliminary injunction was denied.

An appropriate Order will be entered in conformity with this Opinion.