PER CURIAM.
 

 Fénix Cattle Company (Fénix) appeals the district court’s judgment affirming a bankruptcy judge’s order which permitted the trustee of the bankrupt, The Select-A-Seat Corporation, to reject an executory contract between Fénix and Select-A-Seat. We find that the bankruptcy court properly acted within its summary jurisdiction in sustaining the trustee’s action and affirm.
 

 Select-A-Seat engaged in the development and marketing of computer software packages which facilitated remote outlet sales of tickets for athletic and entertainment events. On November 10, 1976, Select-A-Seat, through Lee R. Delay, its president, entered into a “Worldwide Licensing Agreement” with Fénix, a company Mr. Delay also controlled. Under this agreement, Fénix received exclusive rights to use and license Select-A-Seat’s software packages in all but five areas of the world which had been previously allocated to Select-A-Seat subsidiaries and others. As part of the agreement, Select-A-Seat also agreed not to provide the software to other parties for an initial period of ten years, and for five optional extensions of five years each. The agreement also provided warranties of title and of continued fitness of purpose. Fénix agreed to pay Select-A-Seat $140,000 down plus five percent of its annual net income from use of the software licenses. Select-A-Seat subsequently transferred the software packages with service manuals to Fé-nix, and Fénix paid the $140,000 flat fee.
 

 On December 3, 1976, petitioning creditors initiated an involuntary Chapter X proceeding against Select-A-Seat. The proceeding was later converted by stipulation to a Chapter XI proceeding and, on May 24, 1977, was converted back to a Chapter X proceeding. On May 19,1977, while Select-A-Seat was still the object of Chapter XI proceedings, Warren Silver, the corporation’s receiver (now trustee), filed a motion pursuant to Bankruptcy Rule 11-53 for rejection of the corporation’s contract with Fénix.
 
 [1]
 
 The bankruptcy court, after finding that it had summary jurisdiction to consider the trustee’s motion under § 116(1) of the Bankruptcy Act of 1898, 11 U.S.C. § 516(1),
 
 [2]
 
 held that the agreement between Fénix and Select-A-Seat was a burdensome executory contract within the meaning of that section and granted the trustee’s motion. The bankruptcy court further found that Fénix, as a creditor of Select-A-Seat, could file a proof of claim for damages, if any, resulting from rejection of the contract under § 202 of the old Bankruptcy Act. 11 U.S.C. § 602.
 
 [3]
 
 The district court subse
 
 *292
 
 quently affirmed the bankruptcy judge’s actions.
 

 Fénix raises three principal arguments on appeal. First, the bankruptcy court lacked jurisdiction to consider the trustee’s motion because the agreement between Select-A-Seat and Fénix was not an “executory contract” within the meaning of 11 U.S.C. § 516. Second, under the licensing agreement, Fénix had acquired a property interest in the software packages which the bankruptcy court could not recover through an exercise of summary jurisdiction. Finally, even if the licensing agreement was executory, the bankruptcy court erred in permitting its rejection because the contract was not burdensome to the bankrupt’s estate.
 

 A bankruptcy court may, under 11 U.S.C. § 516, reject “executory contracts of the debtor . . . upon notice to the parties to such contracts and to such other parties in interest as the judge may designate.” The term “executory contract” is defined neither in § 516 nor in Bankruptcy Rules 10-606 and 11-53. However, case law and commentary discussing the trustee’s power to reject under the old Bankruptcy Act defined executory contracts as those “under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other.”
 
 See Jenson v. Continental Financial Corp.,
 
 591 F.2d 477, 481 (8th Cir. 1979); Countryman, “Executory Contracts in Bankruptcy: Part I”, 57 Minn.L.Rev. 439, 460 (1973).
 
 Cf.
 
 2 L. King, Collier on Bankruptcy ¶ 365.02 (15th ed. 1979) (referring to meaning of executory contract in 11 U.S.C. § 365).
 

 We adopt this definition and find that it applies to the contract at issue here. Fénix argues that the contract was no longer executory because it had received license rights to the software packages upon payment of the initial $140,000 fee. However, payment of the $140,000 did not represent full consideration for Select-A-Seat’s performance. Fénix was also obligated to pay Select-A-Seat five percent of its annual net return from use of the software. If Fénix failed to make these annual payments, that failure would constitute a material breach of the contract, justifying revocation of the exclusive license. Conversely, the agreement was executory from Select-A-Seat’s perspective. Because of the exclusive nature of the license which Fénix received, Select-A-Seat was under a continuing obligation not to sell its software packages to other parties. Violation of this obligation would be a material breach of the licensing agreement.
 
 Cf. In re American Magnesium Co.,
 
 488 F.2d 147, 152 (5th Cir. 1974) (agreement to refrain from action is executory). The licensing agreement was executory; accordingly, the bankruptcy court properly considered the trustee’s motion.
 

 Fénix next contends that the bankruptcy court, by granting the trustee’s motion, acted to set aside a transfer of property, thereby exceeding its summary jurisdiction. The essence of Fenix’s argument is that the exclusive licensing rights, once transferred, became intangible property in Fenix’s possession. Rejection of the licensing agreement, Fénix reasons, allows Select-A-Seat to sell the computer packages to other licensees, depriving Fénix of its exclusive property interests. Fénix argues that the bankruptcy court could not summarily recover this property; any adjudication affecting the exclusivity of the license must be plenary.
 
 See Cline v. Kaplan,
 
 323 U.S. 97, 98-99, 65 S.Ct. 155, 156, 89 L.Ed. 97 (1944);
 
 In re American National Trust,
 
 426 F.2d 1059, 1065 (7th Cir. 1970).
 

 We find these arguments unpersuasive. The trustee did not seek to recover the tangible property transferred to Fénix, the software packages and accompanying service manuals. Nor did the trustee attempt to revoke Fenix’s license; Fénix may still use and sell the computer materials it received from Select-A-Seat. The trustee merely sought to reject the executory portions of the contract, the continuing warranty and exclusive dealing obligations. These obligations are analogous to executo-ry covenants in leases to provide heat or
 
 *293
 
 electricity; the lease (here, the license) cannot be summarily terminated, but rejection can cancel covenants requiring future performances by the debtor.
 
 See
 
 2 L. King, Collier on Bankruptcy ¶ 365.09 (15th ed. 1979). If Fénix has been injured by the rejection of the executory portions of the licensing agreement, it may file a claim for its damages as a creditor of the estate.
 

 Fénix finally contends that the bankruptcy court erred in permitting rejection of the licensing agreement because the contract was not burdensome to the bankrupt estate. The bankruptcy court specifically found that the licensing agreement was burdensome, and the district court affirmed this finding. From our review of the record, we cannot characterize the bankruptcy court's finding as clearly erroneous. Rules Bankr.Proc. Rule 810, 11 U.S.C.
 

 Affirmed.
 

 [1]
 

 .Rule 11-53 of the Rules of Bankruptcy Procedure reads as follows:
 

 “When a motion is made for the rejection of an executory contract, including an unexpired lease, other than as part of the plan, the court shall set a hearing on notice to the parties to the contract and to such other persons as the court may direct.”
 

 When the bankruptcy proceedings were converted from Chapter XI to Chapter X proceedings, the bankruptcy court construed the receiver’s motion as having been made under Bankruptcy Rule 10-606, whose language mirrors that of Rule 11-53.
 

 [2]
 

 . This case arose prior to the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101,
 
 et seq.
 
 Thus, all references are to the Bankruptcy Act of July 1, 1898, as revised by the Chandler Act of June 22, 1938.
 

 [3]
 

 . 11 U.S.C. § 602 reads, in relevant part, as follows:
 

 “In case an executory contract shall be rejected pursuant to the provisions of a plan or to the permission of the court given in a proceeding under this chapter, or shall have been rejected by a trustee or receiver in bankruptcy or receiver in equity in a prior pending proceeding, any person injured by such rejection shall, for the purposes of this chapter and of the plan, its acceptance and confirmation, be deemed a creditor.”