or levying" within the meaning of 28 U. S. C. § 1921.* As the Government concedes, this decision conflicts with the decisions of three Courts of Appeals that have held that costs could not be taxed under § 1921 in cases involving judicial foreclosure sales. See *Travelers Insurance Co.* v. *Lawrence*, 509 F. 2d 83 (CA9 1974); *James T. Barnes & Co.* v. *United States*, 593 F. 2d 352 (CA8 1979); *Federal Land Bank of St. Paul* v. *Hassler*, 595 F. 2d 356 (CA6 1979). I would grant certiorari to resolve this conflict.

No. 85–844. DAVIS *v.* UNITED AUTOMOBILE, AEROSPACE & AGRICULTURAL IMPLEMENT WORKERS OF AMERICA ET AL. C. A. 11th Cir. Certiorari denied. ▮▮▮▮▮▮▮▮▮▮▮
▮▮▮

JUSTICE WHITE, dissenting.

The question presented is what statute of limitations to borrow in this suit against a union for an alleged violation of a former member's rights under § 101 of the Labor-Management Reporting and Disclosure Act, 29 U. S. C. § 411. The United States Court of Appeals for the Eleventh Circuit held that in light of *DelCostello* v. *Teamsters*, 462 U. S. 151 (1983), the appropriate source from which to borrow a limitations period is not state law but § 10(b) of the National Labor Relations Act, 29 U. S. C. § 160(b). 765 F. 2d 1510 (1985). Although not without support in other Circuits, see, *e. g.*, *Local Union 1397* v. *United Steelworkers of America, AFL–CIO*, 748 F. 2d 180 (CA3 1984), the Eleventh Circuit's decision in this case conflicts with *Doty* v. *Sewall*, 784 F. 2d 1 (CA1 1986). *Doty* explicitly rejects the analysis of this case and *Local Union 1397, supra*, and holds that the usual practice of borrowing statutes of limitations from state law should be followed in a suit like this one. I would grant certiorari to resolve this conflict.

No. 85–863. LUBRIZOL ENTERPRISES, INC. *v.* CANFIELD, BANKRUPTCY TRUSTEE FOR RICHMOND METAL FINISHERS, INC.

---

*Title 28 U. S. C. § 1921 provides in relevant part:
"Only the following fees of United States marshals shall be collected and taxed as costs, except as otherwise provided:

. . . . . . .

"For seizing or levying on property (including seizures in admiralty), disposing of the same by sale, setoff, or otherwise and receiving and paying over money, commissions of 3 per centum on the first $1,000 of the amounts collected and 1½ per centum on the excess of any sum over $1,000."

C. A. 4th Cir. Certiorari denied. JUSTICE O'CONNOR took no part in the consideration or decision of this petition.

No. 85–991. IN RE MARTIN-TRIGONA. C. A. 2d Cir. Petition for writ of certiorari and/or mandamus denied.

No. 85–1053. CRAFT v. METROMEDIA, INC. C. A. 8th Cir. Certiorari denied. JUSTICE O'CONNOR would grant certiorari.

No. 85–1183. P. B. C. v. D. H. Sup. Jud. Ct. Mass. Certiorari denied. JUSTICE WHITE would grant certiorari.

No. 85–5386. FLEMING v. KEMP, WARDEN. C. A. 11th Cir. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

I would grant certiorari in this case because petitioner was not represented by counsel at a critical stage of a criminal proceeding, and is therefore entitled to reversal of his conviction. See *United States* v. *Cronic*, 466 U. S. 648, 659, and n. 25 (1984); *Holloway* v. *Arkansas*, 435 U. S. 475, 489 (1978).

Petitioner was convicted of murdering a police officer and sentenced to death. After exhausting state remedies, petitioner filed a petition for a writ of habeas corpus in the District Court. Petitioner contended that he had been denied counsel at a commitment hearing, a device used under Georgia law to determine the existence of probable cause to detain a suspect, Ga. Code Ann. § 17–7–23 (1982), and one that the Georgia Supreme Court has held to be a critical stage of the prosecution, *State* v. *Houston*, 234 Ga. 721, 218 S. E. 2d 13 (1975); cf. *Coleman* v. *Alabama*, 399 U. S. 1 (1970). The District Court held that the hearing that took place in this case had not been a "commitment hearing" as contemplated