**In re LEARNING PUBLICATIONS, INC., Debtor.**

**Bankruptcy No. 88–1100–8P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Dec. 23, 1988.

Shirley C. Arcuri, Tampa, Fla., for debtor.

Robert M. Quinn, Tampa, Fla., for movant.

## ORDER ON MOTION TO ASSUME OR REJECT EXECUTORY CONTRACT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the immediate matter under consideration is a "Motion to Fix Time to Assume or Reject Publication Agreement and to Condition Continued Collections of Royalties upon Granting of Adequate Protection." The Motion was filed by Dr. Herbert L. Gravitz (Gravitz). Gravitz seeks an order from this Court fixing the time within which the Debtor should be compelled to assume or reject a Publication Agreement (Gravitz' Exh. D) entered into between the Debtor and Gravitz and Julie D. Bowden (Bowden) on June 9, 1984. It is the Debtor's contention that the Publishing Agreement is no longer an executory contract because Gravitz and Bowden have fully performed all the terms of the Agreement, therefore no longer executory, thus not subject to assumption or rejection.

At the duly scheduled hearing on the Motion to Fix Time to Assume or Reject Publication Agreement, the following pertinent facts were established:

At the time relevant, Learning Publications, Inc. (Debtor), was engaged in the business of publishing books and periodicals for schools and social agencies. In addition it also operated book marketing services and earlier operated a mailing service under the name of Kalamazoo Marketing Services, Kalamazoo, Michigan. Dr.

Herbert L. Gravitz (Gravitz), is the co-author with one Julie D. Bowden (Bowden), who is not involved in this matter, of a book entitled *A Survival Guide for Adult Children of Alcoholics: What You Needed to Know But Couldn't Ask.* On June 9, 1984, Gravitz and Bowden entered into an agreement with the Debtor (Gravitz' Exh. No. 1) entitled, "Publication Agreement." The contract provided, inter alia, that the "authors" agreed to sell and assign "this work" [sic] and the sole right to publish the same with the United States and all foreign countries to the publisher, including revisions, abridgements, and future editions and the rights of translation into all foreign languages. In Paragraph 1 of the Agreement, it is further provided that the copyright to the book written by the authors shall be taken out in the name of the "autor" [sic] and shall remain "its" sole property and the publisher is granted by the "autor" the exclusive right, title and interest in and to the copyright and any renewals and the right to sell the work during the term of the copyright on renewals in all languages. The Agreement also provided for a payment of royalties by the publisher to the authors on a graduated scale, based on the gross sales of the book by the Debtor, a matter that is not relevant at this time to the Motion under consideration.

On March 1, 1988, the Debtor filed its Petition for Relief under Chapter 11 and was authorized to continue to operate its book publishing business as a debtor-in-possession including his efforts to market the book written by Gravitz and Bowden.

Unlike what ordinarily occurs in these situations, it is not the Debtor who seeks authority either to assume or reject the contract in question as an executory contract. On the contrary, it is the Debtor's contention that the Publication Agreement is no longer an executory contract and, therefore, not subject to assumption or rejection. From these it follows, according to the Debtor, that § 365 of the Bankruptcy Code which deals with assumption or rejection of an executory contract is not applicable and the Motion filed by Gravitz to compel the Debtor to assume or reject same within a certain time is without merit.

It is evident that the legal character of the "Publishing Agreement" presents a threshold issue. This is so because if it is not an executory contract, the Debtor cannot be compelled to either assume or reject same.

§ 365 of the Code deals with assumption or rejection of executory contracts, but fails to furnish a definition of executory contracts. The legislative history of this Section indicates in some general terms that contracts are executory on which performance remains due to some extent on both sides. As noted in the Senate Report accompanying the Bankruptcy Code,

> "Though there is no precise definition of what contracts are executory, it generally includes contracts on which performance remains due to some extent on both sides."

S.Rep. No. 989, 95th Cong., 2d Sess. 58 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5844, 6303.

This loose, non-specific definition is basically an adoption of a definition announced first by Professor Countryman, which he stated defining executory contracts as follows:

> [A] contract under which the obligation of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete the performance would constitute a material breach excusing the performance of the other.

■ Based on the foregoing, it is clear that the contract is no longer executory within the meaning of § 365 of the Bankruptcy Code unless there is a duty to perform in the future on both sides, failure of which would constitute a material breach to the performance of another. *Lubrizol Enterprises v. Richmond Metal Finishers,* 756 F.2d 1043 (4th Cir.1985); *In re Texaco,* 73 B.R. 960 (Bankr.S.D.N.Y.1987); *In re Monument Record Corp.,* 61 B.R. 866 (Bankr.M.D.Tenn.1986); *In re Chipwich, Inc.,* 54 B.R. 427 (Bankr.S.D.N.Y.1985). *See* also, Countryman, *Executory Contracts in Bankruptcy: Part I,* first pub-

lished by the Minnesota Law Review, 57 Minn.L.Rev. 439, 460 (1973); *Benevides v. Alexander (In re Alexander)*, 670 F.2d 885, 887 (9th Cir.1982); *Fenix Cattle Company v. Silver (In re Select–A–Seat Corporation*, 625 F.2d 290, 292 (9th Cir.1980); *Northwest Airlines, Inc. v. Klinger (In re Knutson)*, 563 F.2d 916, 917 (8th Cir.1977). *See also* Countryman, *Executory Contracts in Bankruptcy: Part II*, 58 Minn.L. Rev. 479 (1974).

■ The resolution of the question before this Court is not without difficulty. Research of counsel and independent research found only one case which deals squarely with the precise issue involved in this case. In the case of *In re Stein and Day, Inc.*, also known as *Day Publishers*, 81 B.R. 263, 16 B.C.D. 1312 (S.D.N.Y. 1988), Judge Schwartzberg concluded that a publishing agreement similar to one involved in this instance was not an executory contract. In *Day Publishers*, the author has written two books and assigned to the publisher during the full term of the copyright the exclusive right to print, publish and sell the books and license others to do so. In addition the author also granted to the publisher certain broad, subsidiary rights involving book clubs, reprints, digests and syndication. In *Day Publishers*, the author had no further obligations, except the author was also required to join with the publishers in any lawsuit to protect the copyright protecting the books published from enfringement by others. The present Publishing Agreement contains no similar provision. The court in rejecting the author's contention noted even if the author failed to join in any action, that would not have amounted to material breach and, therefore, under Countryman's definition, the contract was not executory nor subject to assumption or rejection.

In the present instance it is without dispute that the copyright was assigned to the Debtor; Gravitz no longer had any obligation to perform further under the contract; the books had been written; and Gravitz complied with all the covenants provided for in the contract. The fact that the Debtor has a continuing duty under the contract to pay royalties to the authors on gross sales, is not sufficient enough to transform this fully performed contract into an executory contract. For this reason the Motion filed by Gravitz to compel the Debtor to assume or reject this Publication Agreement is without merit and must be denied. This conclusion, however, shall not be construed to make any pre-judgment whether or not, if any, what rights Gravitz has concerning royalties based on sales made by the Debtor postpetition. Neither is what rate of royalties shall be applied to the sales made by the Debtor postpetition.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Fix Time to Assume or Reject Publication Agreement and to Condition Continued Collections of Royalties upon Granting of Adequate Protection filed by Gravitz be, and the same is hereby, denied.

DONE AND ORDERED.