In The Matter Of BIOPOLYMERS, INC., Debtor.

UNIVERSITY OF CONNECTICUT RESEARCH & DEVELOPMENT CORPORATION, Plaintiff,

v.

Thomas M. GERMAIN, Trustee, Defendant.

Bankruptcy No. 2–90–01581.
Adv. No. 91–2214.

United States Bankruptcy Court,
D. Connecticut.

Jan. 15, 1992.

Steven D. Brown, and Carrie A. Brodzinski, Shipman & Goodwin, Hartford, Conn., for plaintiff.

Thomas M. Germain, Germain & Associates, Hartford, Conn., for trustee.

MEMORANDUM OF DECISION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY, Chief Judge.

I

University of Connecticut Research and Development Corporation (UCRDC), the plaintiff, commenced this adversary proceeding to secure a declaratory judgment that a license agreement between it, as licensor, and Biopolymers, Inc., the debtor, as licensee, is not property of the debtor's estate. UCRDC has moved for summary judgment on the second count of the complaint asserting there is no genuine issue as to any material fact. The defendant, Thomas M. Germain, trustee of the debtor's chapter 7 case, agrees there are no issues of fact, but opposes the granting of the motion.

The sole issue presented by the second count is whether the license agreement was an executory contract on July 31, 1990, the

date of the filing of the debtor's voluntary chapter 7 petition. If an executory contract, the trustee acknowledges that the license agreement was thereafter deemed rejected under the provisions of Code § 365(d)(1) ("In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract ... of the debtor within 60 days after the order for relief ... then such contract ... is deemed rejected.").

## II

UCRDC and the debtor entered into a "License Agreement" on August 21, 1985, which, as amended on February 13, 1989, stated that UCRDC had the right to license under a certain United States patent application, and that the debtor wished "to obtain a license to practice the invention" disclosed in the patent. The patent related to the "production of decapeptide and polyphenolic materials."

The license agreement provided that in consideration of "the mutual agreements herein contained," UCRDC granted to the debtor an exclusive license, with one exception,[1] "to make, use and sell" products under the patent, and to grant sublicenses to third parties, subject to the approval of UCRDC, not to be unreasonably withheld. The term of the license was for the life of the patent. In return, the debtor agreed immediately to pay $5,000 and issue 100,000 shares of its common stock to UCRDC, and thereafter to pay defined royalties, provide quarterly business reports, and to use its best efforts to produce and sell the products.

As part of its bankruptcy petition, the debtor listed the license agreement on the schedule entitled "Statement of Executory Contracts."

## III

The bankruptcy code contains no definition of "executory contract," and the parties agree that the test to be applied to the license agreement is the "Countryman" definition adopted in *Gibbs v. Housing Authority of City of New Haven*, 76 B.R. 257, 262 (D.Conn.1983):

> For bankruptcy purposes, an executory contract is one "under which the obligations of both the bankrupt and the other party to the contract are so far unperformed that the failure of either to complete performance would constitute a material breach excusing the performance of the other." (*quoting* V. Countryman, *Executory Contracts in Bankruptcy: Part I*, 57 Minn.L.Rev. 439, 460 (1973)).

UCRDC contends that the license agreement constitutes an executory contract because performance is due to some extent on both sides and it satisfies the *Countryman* test. The trustee denies the license agreement is executory as to UCRDC because UCRDC's obligations "are either illusory, de minimus, remote and/or insufficient to render the License Agreement executory in nature." *Trustee's brief* at 3.

*Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc. (In re Richmond Metal Finishers, Inc.)*, 756 F.2d 1043 (4th Cir.1985), *cert. denied, Lubrizol Enterprises, Inc. v. Canfield*, 475 U.S. 1057, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986) decided that an agreement which granted a nonexclusive license to utilize a patented technology where the only duties of the licensor were to defend patent infringement suits and to notify the licensee of other licenses granted and reduce royalty rates to those granted, was an executory contract. "The unperformed, continuing core obligations of notice and forbearance in licensing made the contract executory as to [the licensor]." *Lubrizol*, 756 F.2d at 1045. The court favorably cited *In re Select–A–Seat Corp.*, 625 F.2d 290, 292 (9th Cir.1980) for its holding that "an obligation of a debtor to refrain from selling software packages under an exclusive licensing agreement made a contract executory as to the debtor notwithstanding the continuing obligation was only one of forbearance." *Lubrizol*, 756 F.2d at 1045–1046. *Accord In re Qintex Entertainment*, 950 F.2d 1492, 1495 (9th

---

**1.** The license was exclusive "except for a nonexclusive, nontransferable, irrevocable, paid-up, license to ... the United States of America pursuant to the requirements of Public Law 96–517."

**30**

Cir.1991); *In re Chipwich, Inc.,* 54 B.R. 427, 430 (Bankr.S.D.N.Y.1985). *Cf. Richard Royce Collection, Ltd. v. New York City Shoes, Inc. (In re New York City Shoes, Inc.),* 84 B.R. 947, 960 (Bankr. E.D.Pa.1988).

I conclude, adopting the reasoning of *Lubrizol,* that the license agreement at issue here constituted an executory contract within the meaning of § 365(d).[2]  The trustee's contentions, that UCRDC's obligation to forbear from granting licenses to others and not to unreasonably withhold permission for sublicensing do not suffice to make the license agreement executory, are not sustainable.  The trustee not having sought assumption of the license agreement within 60 days after the entry of the order for relief in this case, the license agreement must be deemed rejected.

### IV

The plaintiff's motion for summary judgment is granted and judgment will enter that the license agreement is not now property of the debtor's estate.  It is

SO ORDERED.

---

**2.** Congress in 1988 amended § 365 by adding subsection (n) to protect rights of an intellectual property licensee in the event of the licensor's bankruptcy.