**In re: ETM ENTERTAINMENT NETWORK, INC., Debtor,**

**James J. Joseph, Chapter 7 Trustee, Appellant,**

**v.**

**Dillard's, Inc.; Dillard Store Services, Inc., Appellees.**

**No. 03–55500, 03–55501.**

**D.C. No. CV–02–04782–MLR, CV–02–07683–MLR.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 12, 2005.

Decided Oct. 3, 2005.

John Mark Jennings, Esq., Marshack, Shulman, Hodges & Bastian LLP, Foothill Ranch, CA, for Appellant.

Sheldon Eisenberg, Esq., Bryan Cave, Santa Monica, CA, Lloyd A. Palans, Esq., Bryan Cave LLP, St. Louis, MO, for Appellees.

Before FARRIS, FERNANDEZ, and BYBEE Circuit Judges.

### MEMORANDUM *

James J. Joseph, the trustee in bankruptcy (the Trustee) for ETM Entertainment Network, Inc., appeals the district court's affirmance of the bankruptcy court's grant of summary judgment to Dillard's, Inc., and Dillard Store Services, Inc. (collectively Dillard's) on the Trustee's preference and breach of contract claims against Dillard's. We affirm.

■ (1) Primarily, the Trustee asserts that Dillard's received a preference because it set off its claims for fees arising out of its contract with ETM against ETM's claim for ticket sale proceeds under the same contract. The Trustee relies upon the provisions of 11 U.S.C. §§ 547(b) and 550 in making that claim. However, what Dillard's effected was a recoupment. *See Sims v. United States Dep't of Health & Human Servs. (In re TLC Hosps., Inc.)*, 224 F.3d 1008, 1011 (9th Cir.2000); *Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1398–1400 (9th Cir.1996); *State ex rel. Saif Corp. v. Harmon (In re Harmon)*, 188 B.R. 421, 425 (B.A.P. 9th Cir. 1995).

The distinction is enormous. While setoff can, and often does, result in a preference, which can be attacked by the Trustee, recoupment is not a preference at all because it merely defines what the amount of the creditor's claim really is. *See Reiter v. Cooper*, 507 U.S. 258, 265 n. 2, 113 S.Ct. 1213, 1218–19 n. 2, 122 L.Ed.2d 604 (1993); *Newbery*, 95 F.3d at 1400; *Harmon*, 188 B.R. at 425; *see also Ashland Petroleum Co. v. Appel (In re B & L Oil Co.)*, 782 F.2d 155, 157–58 (10th Cir.1986). Here, because the bankruptcy court properly applied the doctrine of recoupment, the Trustee's setoff claim must fail.[1]

■ (2) But, argues the Trustee, if Dillard's did recoup, it must have breached its contract with ETM and, therefore, a breach of contract action should lie. We disagree.

The Trustee bases his claim on a provision in the contract which precludes offset. However, recoupment is not offset, and the parties could have said recoupment, if they meant that. Secondly, the provision in question refers to "late payments" by ETM rather than a total breach or repudiation of the contract. It is one thing to be late in making a payment, it is quite another thing to stop paying entirely. Thirdly, ETM was not in a position to assert a right to recover from Dillard's on the basis of a contract that ETM had already breached.[2] *See United States ex rel.*

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Trustee also asserts claims under 11 U.S.C. § 553. However, the Trustee did not specifically allege an 11 U.S.C. § 553 claim in his complaint, nor did he ask the bankruptcy court for leave to amend his pleadings at any point. The issue was first raised in the Trustee's summary judgment reply brief, and the bankruptcy court's subsequent hearing and orders did not amend the pleadings. Nor were these claims actually litigated in the district court. The Trustee is therefore barred from raising § 553 claims in his appeal. *See* Fed.R.Civ.P. 15(b), incorporated by Fed. R. Bankr.P. 7015; *Crawford v. Gould*, 56 F.3d 1162, 1168–69 (9th Cir.1995); *see also Yadidi v. Herzlich (In re Yadidi)*, 274 B.R. 843, 851–52 (B.A.P. 9th Cir.2002). Accordingly, the Trustee's argument fails.

2. ETM's words and actions made it plain that it would not or could not perform the contract any longer. *See Fenix Cattle Co. v. Silver*

*Palmer Constr., Inc. v. Cal State Elec., Inc.,* 940 F.2d 1260, 1261 (9th Cir.1991). In short, the bankruptcy court did not err when it granted summary judgment to Dillard's on the Trustee's breach of contract claim.

AFFIRMED.

---

*(In re Select–a–Seat Corp.),* 625 F.2d 290, 292 (9th Cir.1980); *see also In re Allegheny Imaging Inst.,* 69 B.R. 932, 935–36 (Bankr.W.D.Pa. 1987); *cf.* Restatement (Second) of Contracts § 241 (1981). Moreover, when asked, ETM repudiated by failing to give reasonable assurances that it would perform. *See Trs. for Alaska Laborers–Constr. Indus. Health & Sec. Fund v. Ferrell,* 812 F.2d 512, 517–18 (9th

Cir.1987); Restatement (Second) of Contracts § 251 (1981).

